1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND A. ROSS, | CASE NO. 09cv359 WQH (JMA) |
| Plaintiff, | **ORDER** |
| vs. | |
| STATE OF CALIFORNIA, D. RICHARDSON, R. MOREL & M. VELA, et al,, | |
| Defendants. | |

HAYES, Judge:

The matter before the Court is the Application for Temporary Restraining Order (Doc. # 1).

**Background**

On February 24, 2009, Plaintiff initiated this action by filing a document entitled "Requesting Emergency injunctive relief due to Civil Rights violations and the possibility of criminal obstruction of justice committed by the defendants" ("Application for TRO").

Plaintiff alleges that California State employee D. Richardson conspired with other state employees to "engage and commit the crime of abduction, kidnapping with the intent to obstruct justice, violate my First, Fourth, Sixth and Fourteenth amendment rights, and the first amendment rights of members of the press." *Application for TRO,* p. 1-2. Plaintiff alleges that Defendants "conspired to retaliate for my contacting and reporting their abuse of my civil rights," for "reporting their inappropriate conduct regarding my ADA request for reasonable accommodation and the violations of my civil rights," and "for other illegal conduct" by "creating a fraudulent parole

1    violation resulting in a warrant for my arrest." *Id.* at 2.

2        Plaintiff states: "Because the June 23, 2006 retaliation warrant resulted in the interruption of

3    my Social Security Disability Income-benefits[] I would like to make a motion to the court for a court

4    order forcing the State of California to send me a check for the back SSDI payments due me . . . , to

5    satisfy by ADA request . . . [and] for a HUD section 8 style rental subsidy for safe and decent rental

6    housing." *Id.* at 2-3.  Plaintiff states that he "would like to make a motion for a court order recalling

7    any current warrants issued by the State of California and a restraining order preventing the State of

8    California and its agents from the issuance of any future warrants until the conclusion of this Federal

9    Civil Rights case." *Id.* at 3.

10                                    **<u>Applicable Law</u>**

11        Rule 65(b) of the Federal Rules of Civil Procedure provides that a court may issue a TRO

12    without notice to the adverse party where "specific facts in an affidavit or a verified complaint clearly

13    show that immediate and irreparable injury, loss, or damage will result to the movant . . . ." FED. R.

14    CIV. P. 65(b).  Regardless of notice to Defendant, the standard for issuing a TRO is similar to the

15    standard for issuing a preliminary injunction, and requires that the party seeking relief show either "(1)

16    a combination of likelihood of success on the merits and the possibility of irreparable harm, or (2) that

17    serious questions going to the merits are raised and the balance of hardships tips sharply in favor of

18    the moving party." *Homeowners Against the Unfair Initiative v. Calif. Building Industry Assoc.*, Civil

19    No. 06CV152 JAH (WMc), 2006 U.S. Dist. LEXIS 97023, *4 (S.D. Cal. Jan. 26, 2006) (citing

20    *Immigrant Assistance Project of the L.A. County of Fed'n of Labor v. INS*, 306 F.3d 842, 873 (9th Cir.

21    2002)).  "[T]hese two formulations represent two points on a sliding scale in which the required

22    degree of irreparable harm increases as the probability of success decreases." *Dep't Parks & Rec. of*

23    *Calif. v. Bazaar Del Mundo, Inc.*, 448 F.3d 1118, 1123 (9th Cir. 2006) (citations omitted).  The

24    underlying purpose of a temporary restraining order is to preserve the status quo and prevent

25    irreparable harm before a preliminary injunction hearing may be held.  *Granny Goose Foods, Inc. v.*

26    *Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974); *see also Reno Air Racing Ass'n*

27    *v. McCord*, 452 F.3d 1126, 1130-31 (9th Cir. 2006).

28

**Ruling of the Court**

As the moving party, it is Plaintiff's burden to establish of success on the merits and the possibility of irreparable harm, or that serious questions going to the merits are raised and the balance of hardships tips sharply in favor of Plaintiff. *Immigrant Assistance Project of the L.A. County of Fed'n of Labor*, 306 F.3d at 873. The Application TRO does not contain "specific facts in an affidavit or a verified complaint [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant" as required by Rule 65 of the Federal Rules of Civil Procedure. Plaintiff does not present any facts to show that he will suffer irreparable harm absent a temporary restraining order, and does not assert any legal basis under which he is entitled to relief. After reviewing the equities in this case, the Court concludes that Plaintiff has not met his burden of establishing a combination of likelihood of success on the merits and the possibility of irreparable harm, or that serious questions going to the merits are raised and the balance of hardships tips sharply in favor Plaintiff. The Court has reviewed the entire record, and concludes that Plaintiff has failed to demonstrate that he is entitled to a temporary restraining order under either test applied in the Ninth Circuit.

**Conclusion**

It is hereby ordered that the Application for Temporary Restraining Order is **DENIED.**

DATED: February 26, 2009

**WILLIAM Q. HAYES**
United States District Judge